IRVING CAESAR and Another, Appellants, v. FLORENZ ZIEGFELD, Respondent, Impleaded with ANTHONY McGUIRE, Defendant.

First Department, February 3, 1928.

Equity — when action maintainable — action for royalties — contract stipulated that defendant would hold royalties in trust if they were not immediately paid over — plaintiffs may maintain action.

The plaintiffs bring this action in equity to recover the royalties which the defendant agreed to pay for the production of a play. The action was properly brought in equity since under the terms of the contract all royalties not immediately turned over to the plaintiffs were to be held in trust for their benefit.

APPEAL by the plaintiffs from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of May, 1927.

*Philip Adler*, for the appellants.

*Sol. A. Rosenblatt* of counsel [*Nathan Burkan,* attorney], for the respondent.

*John Schulman* of counsel [*Arthur Garfield Hays,* attorney], *amicus curiæ*, for The Dramatists' Guild of The Authors' League of America.

PROSKAUER, J. The complaint has been dismissed upon the ground that it states no cause of action in equity. Plaintiffs allege that they were the authors of a play and contracted with the defendant Ziegfeld to produce it. The contract provided that the manager was to pay to the authors " a sum equal to three per cent of the gross weekly box office receipts to be paid and computed as provided in the Minimum Basic Agreement." That agreement contains this clause: " Any portion of gross receipts due the author for royalties, if not paid immediately on the receipt thereof by the manager, shall belong to the author and shall be held in trust for the author until payment; and the ownership of said trust fund by the author shall not be questioned whether the moneys are physically segregated or not." The effect of this clause was to constitute the defendant a trustee for the plaintiffs at once upon the acquisition by the manager of gross receipts which were not immediately on receipt paid to the authors. We cannot isolate the clause of the main agreement providing that the royalty was a sum equal to three per cent of the gross weekly box office receipts, from the context contained in the " Minimum Basic Agreement." Reading the contract together with the 4th clause of the " Minimum Basic Agreement," we hold that the intention of the parties was to create a trust relationship and to confer upon the plaintiffs, at least as against this defendant, the status and the rights of *cestuis que trustent.*

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the amended complaint denied, with ten dollars costs, with leave to the defendant Florenz Ziegfeld to answer upon payment of said costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant Florenz Ziegfeld to answer within twenty days from service of order upon payment of said costs.