This matter is now before the court on defendant's motion to strike the bill of complaint on the ground that it fails to disclose a cause of action cognizable in a court of equity. The agreement referred to in the bill of complaint, and made part thereof, upon which complainant's cause of action is founded, manifests an undertaking between complainant and defendant whereby complainant as director of plays performed in the Rialto Theatre, Hoboken, New Jersey, became *Page 400 
entitled to twenty per cent. of all gross weekly box-office receipts in excess of $2,200 during the theatrical season 1928-1929. A clause of the agreement referring to the complainant reads:
"Any portion of the gross receipts due you for royalties, if not paid immediately on receipt thereoef by us, shall belong to you and shall be held in trust for you until payment; and the ownership of said trust fund by you shall not be questioned whether the moneys are physically segregated or not."
The foregoing expressly manifests an intention to create a trust relationship between the parties and a trust fund in favor of the complainant. Trusts which equity enforces include such as arise from contracts, particularly written contracts. Chancellor Kent, in Kane v. Bloodgood, 7 Johns. Ch. 90, 110 (referred to in Agens v. Agens, 50 N.J. Eq. 566 — at p. 570), said:
"Every person who receives money to be paid to another or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued, either at law for money had and received, or in equity as a trustee for a breach of trust."
In Caesar et al. v. Ziegfeld et al., 226 N.Y. Supp. 510, the controversy was between producers and authors based upon an agreement whereby the producers undertook to pay the authors a royalty equal to three per cent. of gross box-office receipts. The agreement considered by the court contained a clause substantially as the clause of the agreement sub judice, hereinabove quoted. It reads:
"Any portion of gross receipts due the author for royalties, if not paid immediately on the receipt thereof by the manager, shall belong to the author and shall be held in trust for the author until payment; and the ownership of said trust fund by the author shall not be questioned whether the moneys are physically segregated or not."
The defendant in said case obtained an order dismissing the complaint upon the ground that it did not state a cause of action in equity. The plaintiff appealed and the order of dismissal was reversed. The appellate court, referring to the clause of agreement in question, held: "The effect of *Page 401 
this clause was to constitute the defendant a trustee for the plaintiffs at once upon the acquisition by the manager of gross receipts which were not immediately on receipt paid to the authors. * * * The intention of the parties was to create a trust relationship and to confer upon the plaintiffs, at least as against this defendant, the status and the rights of cestuis quetrustent."
I will advise an order denying defendant's motion to strike the bill of complaint herein.