Joseph A. Gavagan, J.
Tbe -movant, Leslie Stevens, is not a party to this action, but moves as a thirdrparty the relief stated in bis notice pf motion, He is the author of the play involved is this lawsuit, entitled Murriage-GprRound now being presented at the Plymouth Theatre," The play is prodneed by a limited partnership doing business under the name and style qí “ The'-Marr lage/Go.-Round Go.” (hereinafter referred to as Producing Partnership), tbe successor ip interest to a prodnetion contrast originally ma.de between the said Leslie *872 Stevens and the defendant, Paul Gregory. This production contract was executed on or about November 1,1957. This contract thereafter was transferred by Gregory to the Producing Partnership as afore-stated. - It assumed all the obligations-under the production contract with Stevens. Under said production contract in effect between Stevens and the Producing Partnership, Stevens is to receive certain specified percentages of the gross weekly box-office receipts for the performances of his play. The moneys due him under the agreement are stated to be trust funds. Paragraph Fifth (a) therein provides, as follows : ‘ ‘ The portion of any gross receipts or net profits due to the Author shall belong to the Author and shall be held in trust by the Producer as the Author’s property until payment. The trust nature of such fund shall not be .questioned, whether the moneys are physically segregated or not ”. Thus, Stevens claims that a fixed and ascertainable, portion of the box-office receipts are trust funds belonging to and held for his benefit and that such amounts, as are held or subject to the levy of attachment heretofore granted herein, are trust funds to the amount of his fixed and ascertainable portion.
In the pending action plaintiffs obtained a warrant of attachment which was levied by the Sheriff of New York County upon the box-office receipts of the play. The Sheriff, however, has not taken physical possession of the receipts. The motion by the defendants to vacate the warrant has been denied by me in a companion motion decided simultaneously herewith.
As to the instant application, the court is satisfied that the trust fund provision in the Stevens’ contract is-valid and that a fixed and ascertainable portion of the box-office receipts become trust funds upon coming into existence. Paragraph Fifth (c) of Stevens’ agreement provides that “ The portion of any gross receipts or net profits due to the Author shall belong to the Author and shall be held in trust by the Producer as the Author’s property until payment. The trust nature of such funds shall not be questioned, whether the moneys are physically segregated or not While plaintiffs oppose the instant motion upon the assertion that the trust fund provision is actually ineffectual as such, their position is not. fortified in law. In Colton, ‘ ‘ Contracts in the Entertainment and Literary Fields ” (1953 Copyright Problems Analyzed [C. C. H.], p. 154) it is stated that ‘ ‘ Where deals are made on a royalty basis, a provision is frequently included in the contract to the effect that, as moneys are received of which the grantor is to receive a share, that portion thereof agreed to be paid to the grantor will be held in trust for the grantor until turned over to him, with the proviso *873 that said moneys can be commingled with the other funds of the grantee, without in anywise affecting their trust nature. This provision is quite common in motiompicture and television percentage deals.” In Caesar v. Ziegfeld (223 App. Div. 86) it was held that a trust provision such as the one involved in the instant ease does create a trust relationship between the author and the producer. The future nature of the trust provision did not render it unenforcible. While it is true that there are no trust funds ‘ ‘ until there is a res in existence upon which the trust can operate ” (Rubinstein v. Jamaica Nat. Bank, 40 N. Y. S. 2d 23, 26, affd. 266 App. Div. 977, affd. 294 N. Y. 727), nevertheless once the moneys or other properties in question come into existence a valid and binding trust is created and courts of equity traditionally enforce same (1 Bogert, Trusts and Trustees, § 112, pp. 508-509). Plaintiffs’ argument that the trust provision cannot be effective because there was no segregation of the author’s share of the box-office receipts is untenable. The trust fund provision of the contract expressly provides that Stevens’ share need not be segregated for it to be trust property for paragraph Fifth (a) specificially states: “ The trust nature of such fund shall not be questioned, whether the moneys are physically segregated or not.” Even without this express provision in the contract, the trust would still be valid (1 Bogert, Trusts and Trustees, § 111, p. 506).
Accordingly, the motion is granted to the extent of directing that that part of the box-office receipts, held under the levy, sufficient to meet the royalty payments due Stevens, shall be released and paid over to him; the motion is otherwise denied.